**Kimmel & Silverman, P.C.**
1930 East Marlton Pike, Suite Q29
Cherry Hill, New Jersey 08003
Telephone: 856-429-8334
Attorney of Record: Amy Bennecoff (AB0891)
Attorney for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JAMES KLAUSNER,** | ) |
| Plaintiff, | ) |
| v. | ) **CIVIL ACTION NO.** |
| **FIRST CREDIT FINANCIAL, INC.** | ) |
| Defendant | ) **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| | ) **(Unlawful Debt Collection Practices)** |

## COMPLAINT

NOW COMES the Plaintiff, James Klausner, and his attorneys, Kimmel & Silverman, P.C., and for his Complaint against the Defendant, First Credit Financial, Inc.

Plaintiff alleges and states as follows:

## PRELIMINARY STATEMENT

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1331. Venue lies properly in this district pursuant to 28 U.S.C. §1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

## PARTIES

3. Plaintiff is an adult individual who resides in Turnersville, New Jersey.

4. Plaintiff is a person granted a cause of action under the FDCPA. See 15 U.S.C. §1692k(a), and Wenrich v. Cole, 2000 U.S. Dist. LEXIS 18687 (E.D. Pa. Dec 22, 2000).

5. Defendant, First Credit Financial, Inc. is a corporation with its address at 2201 NW Corporate Blvd. Suite 205, Boca Raton, Florida 33431.

6. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6) trying to collect a "debt" as defined by 15 U.S.C. §1692(a)(5).

7. Defendant acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## BACKGROUND ON THE FDCPA

8. The Fair Debt Collection Practices Act ("FDCPA") is a comprehensive statute which prohibits a catalog of activities in connection with the collection of debts by third parties. *See* 15 U.S.C. §1692 et seq. The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights. 15 U.S.C. §1692(k). The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

9. In particular, the FDCPA broadly enumerates several practices considered contrary to its stated purpose and forbids debt collectors from taking such action. The substantive heart of the FDCPA lies in three broad prohibitions. First, a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692(d). Second, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692(e). And third, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692(f). Simply, designed to protect consumers from unscrupulous collectors, whether or not there exists a valid debt, the FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and any false, deceptive or misleading statements, in connection with the collection of a debt.

10. In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a). Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. § 1692(b).

11. Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors. The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

## **FACTUAL ALLEGATIONS**

12.  Plaintiff has received collection communication from Defendant at least through November 29, 2010.

13.  Defendant constantly and continuously places collection calls to Plaintiff seeking to speak with a person named "Jesse Carlidge," whom Plaintiff does not know. See voicemail messages attached as Exhibit "A".

14.  Defendant places collection calls to Plaintiff from telephone number 800-297-6704.

15.  Defendant places multiple collection calls to Plaintiff daily sometimes calling up to three times in a single day. See call log attached as Exhibit "B".

16.  Defendant placed two collection calls to Plaintiff on October 10, 2010 See call log attached as Exhibit "B".

17.  Defendant placed three collection calls to Plaintiff on October 13, 2010 See call log attached as Exhibit "B".

18.  Defendant placed three collection calls to Plaintiff on October 15, 2010 See call log attached as Exhibit "B".

19.  Plaintiff has informed Defendant on numerous occasions that Plaintiff is not the consumer Defendant is attempting to collect from, that Defendant has the wrong telephone number and to stop calling.

20.  Despite this, Defendant continues to place telephone calls to Plaintiff.

21.  The repetitive calls to Plaintiff were disturbing, harassing, and an invasion of privacy.

22. Defendant failed to investigate or verify contact information prior to and after calling Plaintiff.

23. Defendant failed to update its records to avoid further harassment of Plaintiff.

## COUNT I:
## VIOLATION OFF THE
## FAIR DEBT COLLECTION PRACTICES ACT

24. Plaintiff reincorporates by reference all of the preceding paragraphs.

25. Defendant's conduct violated the FDCPA in multiple ways, including but not limited to:

   a. Defendant violated §1692 generally

   b. Defendant violated § 1692b(2) of the FDCPA by informing Plaintiff that Jesse Carlidge owed a debt;

   c. Defendant violated § 1692b(3) of the FDCPA by calling Plaintiff more than once in connection for the collection of a debt for another individual;

   d. Defendant violated § 1692c(b) of the FDCPA by communicating with Plaintiff about a debt allegedly owed by Jesse Carlidge;

   e. Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

   f. Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse and harass Plaintiff.

    g.    Defendant violated § 1692e of the FDCPA by using false, deceptive, or misleading representations or means in connection with the collection of a debt;

    h.    Defendant violated §1692e(10) by using a deceptive means in an attempt to collect a debt by continuing to contact Plaintiff even though Defendant knows that Plaintiff is not the consumer Defendant is seeking to collect from.

    i.    Defendant violated § 1692f of the FDCPA by using unfair and unconscionable means with Plaintiff to collect or attempt to collect a debt;

    j.    Defendant acted in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

    A.    Declaratory judgment that Defendant's conduct violated the FDCPA;

    B.    Actual damages;

    C.    Statutory damages;

    D.    Costs and reasonable attorney's fees; and,

    E.    For such other and further relief as may be just and proper.

### DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, JAMES KLAUSNER, demands a jury trial in this case.

**CERTIFICATION PURSUANT TO L.CIV.R.11.2**

I hereby certify pursuant to Local Civil Rule 11.2 that this matter in controversy is not subject to any other action pending in any court, arbitration or administrative proceeding.

RESPECTFULLY SUBMITTED,

Date:  3-7-11                     /s/ Amy L. Bennecoff
                                  Amy L. Bennecoff
                                  Attorney ID # AB 0891
                                  Kimmel & Silverman, P.C
                                  1930 E. Marlton Pike, Suite Q29
                                  Cherry Hill, New Jersey 08003
                                  Phone: (856) 429-8334
                                  Facsimile (856) 216-7344
                                  Email: abennecoff@creditlaw.com

# EXHIBIT A

Audio file submitted to Clerk of Courts on Tuesday, March 8, 2011.